May it please the Court, Dan Geralt for the Plaintiff Appellant. There are multiple reasons to reverse the lower court on the statute of limitations issue. The common sense reason is that a choice of law is not a choice of geography. The term state in the tolling statute means the forum state, which in this case is Oregon. Going beyond that, a conflict of law analysis arising from a choice of law dispute has a threshold requirement. That requirement under Oregon law in their conflict of law analysis is that there be a conflict between the laws of the two states. When there is no conflict, the Oregon courts refer to it as a false conflict. If there is no material difference, Oregon law governs. In this case, if you compare the New Hampshire tolling statute with the Oregon tolling statute, which is set forth at ORS 12.150, they have essentially the same effect. Meaning that if a person in Oregon is gone or absent from Oregon for a period, then that tolling statute would apply. But counsel, in this case, the defendant never was in New Hampshire. She was always here, wasn't that correct? That's correct. So doesn't that somewhat change your analysis? No, it does not. The New Hampshire statute is a tolling statute that has the word state in it. I understand. But would New Hampshire have an ability under its long-arm statute to get personal jurisdiction over the defendant in this case? Yes, if they filed a lawsuit in New Hampshire. They did not. You say they would? On what basis? Under its long-arm statute. I understand that, but she's never been there. She's never done any business in the state. The only thing you've got here is the conflict of interest issue. Why would the state of New Hampshire be able to get jurisdiction over her in this situation? What minimal contacts has she had with the state? Absolutely none. Well, then how do they get in personam jurisdiction over her? They don't. And if they don't, doesn't that change your analysis? No, it does not. You lost me. Okay. Your Honor is accepting the concept that the word state means New Hampshire. Geography is not the same as a choice of law. If I choose a law. . . I heard you. Okay. I'm just saying I'm puzzled by how you get to where you seem to be getting based upon what you have agreed to. If the academics goes beyond what I consider to be the common reason of law versus geography, then you need to look at the fairness of the two statutes, or you need to find a conflict between the tolling statutes of New Hampshire and Oregon. There is no conflict. The two statutes are the same. In a conflict of law analysis, the very first thing that you do is find out if there is a difference between the laws of the two states. If there is no difference, then the state of Oregon or their case law says that Oregon law governs. How does your analysis apply to the fundamental question with statute of limitations itself? I'm trying to follow the argument. I read it in your briefs, but it seems to me that you're substituting in the tolling statute Oregon for New Hampshire. Then why wouldn't you substitute the Oregon statute of limitations as well? Well, the Oregon statute of limitations is the New Hampshire statute of limitations. Well, it's six years in Oregon for a contract claim. Correct, except for. . . In Oregon statute of limitations, such as uniform commercial code, they say normally it's six years, but if you take out the Oregon uniform commercial code, it's a four-year statute. Even if it's any of those, doesn't that undermine your whole position? You're saying that you've got a three-year statute of limitations under New Hampshire, under Oregon by the lease definition, at least four. Doesn't that mean that this is still a good cause of action? The Oregon statute of limitations for a contract is six years. The Oregon statute of limitations for a contract with a choice of law provision is the statute of limitations of the choice of law state. Unless. . .  It also says that tolling statutes also apply. Well, it seems to me you're sort of cutting and pasting rather than. . . You're sort of weaving through without accepting either state's law in its entirety, because if you borrow New Hampshire, it seems to me you have to borrow all of it or none of it, and you seem to want to borrow only the parts that help you and not the parts that don't. First off, I would again state there is no conflict. The Oregon statute of limitations for a contract governed by a choice of law provision is the statute of limitation of the chosen law state. Right, but New Hampshire's three years comes with some provisos that there may be some question about those provisos under the Abramson case, but at least on its face it seems to come with a proviso that would make this timely or at least in good faith. The provision that says that the tolling laws of the other state apply would relate to matters such as the accrual of the cause of action, whether it's payment or the date of default. When you are applying a tolling statute, it's an affirmative defense, which I would say the plaintiff would be required to assert as opposed to the defendant. A tolling statute goes beyond the standard what is the statute of limitations. Here's the problem. I share Judge Graber's concern. What you're saying is because your client agreed to a choice of law proviso that specifies New Hampshire, under Oregon law that means that the New Hampshire statute of limitations will apply, and New Hampshire's statute of limitations is a short statute of limitations, shorter than Oregon, but as Judge Graber said, it has some protections for the plaintiff, which is that if the person in favor of whom the statute is running is not in the state, it's tolled, and you say, well, that's just too bad because it has nothing to do with the statute of limitations or it doesn't come in under the same bundle of rights. But then that means that for a non-resident of New Hampshire, it's a strict, no tolling, three-year statute of limitations. And if she were sued in Oregon, under Oregon law, she would have been exposed to, she would have had four years, if not six years, before they could bring it. So it sounds like you're really shifting the balance. Judge Graber said you're taking the short statute of limitations and not only taking the short statute of limitations, essentially nullifying the tolling. And again, the analysis by Judge Hagerty was to say that because this tolling statute is unfair,  No, what he said, well, I thought he relied on the Oregon statute, which seems to anticipate this. The court determines that the limitation period under Oregon statute imposes an unfair burden. The limitations period of this state applies. So then he looks to the limitation period. That's six years. But the limitations period of this state is three years under ORS 12.43. Now, we understand your position. You're almost out of time. Did you want to save a little bit for rebuttal? Yes, Your Honor, unless there are other questions. Thank you. But please speak at the microphone because it records. You have a good, loud voice. I'm going to be very quick because I'm just going to argue this attorney fee issue. I think the cases that I cite are quite clear that under federal procedural law, that determines who the prevailing party was. In this case, there was no prevailing party. I cite the Second Circuit ConAgra food case where the court said this is a nonconvenient form. Go to France and sue no cost because the legal relation between the parties hasn't changed. Mr. Gerlt cites if we sue you to collect the debt and you win the suit, we will pay your reasonable attorney fees and court costs. What is it that the defendant won in this case? She won a right to get sued in state court where, in fact, the case is now pending. The law is quite clear, and Mr. Gerlt really can't deal with it and doesn't deal with it that she did not win. What she wanted was a dismissal with prejudice. She didn't get it. And I'm going to give the rest of the time to my colleague, Mr. Jacobs, and let the court ask questions. May it please the Court, I'm David Jacobs, and I'm representing the appellees Kirsten Finney and Derek McGavin. The question is whether the statute of limitations was told by the New Hampshire tolling statute, and the answer is yes. How do you distinguish this case from the Abramson v. Brownstein statute? I know there are some factual differences, but in terms of the general principles, why isn't it an unfair or unconstitutional limitation on commerce, which doesn't necessarily mean you lose, but in terms of how we analyze the case? Right. I think it's easily distinguishable on two points. The Abramson case following the Bendix decision relied on the fact that the California tolling statute would toll the statute even where the defendant was subject to the long-arm statute at all times, subject to personal jurisdiction. And in that case, the defendant had sufficient contacts to have been brought in to California for that. But what you have here is a situation in which, theoretically, 40 years later, you could come in and say, oh, look at this, a debt. What would prevent that from happening, and why wouldn't at least the generic principles of the other cases apply? Well, what I know is that every case that has found, that I've seen, that has found a tolling statute unconstitutional has been the situation where the tolling statute had been strictly applied to say if you're absent from the state, even if you're subject to personal jurisdiction, the tolling statute, the statute will toll. Right. But what about my – your analysis, though, what would prevent you from coming in 40 years later? Anything? Under your interpretation of the New Hampshire statute. If you ignored Oregon's law, the uniform law that Oregon's adopted, then from a constitutional standpoint, I'd say nothing would. Because the cases that have – I've looked at, I believe, all the cases. And I would say they've all focused – the ones – they've all found the statutes unconstitutional in this under the facts that we don't have. We don't have it. The New Hampshire narrowly construes their tolling statute to only toll when they're not subject to process. And in this case, the defendant, even if they're – the defendant has acknowledged, the underlying defendant, that they didn't – they never had any sufficient context to be brought into New Hampshire. This case would, in any event, in the example that Judge Graber gave, you'd have the normal contractual defenses like latches, would you not? There was a 40-year time period that it passed. Although there may not be constitutional defenses, there would be normal contractual defenses. That would be a contractual defense. But as I say, I think that in – that if it were in that situation, I don't think it – the answer would be Oregon's law that says that would – if that were the case and it were going to drag on for 20 years, that's what the uniform – the drafters of the uniform law contemplated, that this is the potential situation. And I think it's important to look at the comment that in the – into, I believe, it's Section 3, where they're discussing applying the limitations period, which includes the other states' tolling provisions, that they foresaw that there could be a situation where it's been 20 years. And that's why they built in that escape clause. It's interesting, though, that they – where they found the unfairness was the same on – along the same lines that the Supreme Court and this Court has focused in on, the burden being that the tolling would take place even where – statute. They say that would be unfair. That would be one of the small – limited circumstances where you'd say, look, that could create an unfair burden, so let's default to the Oregon statute. In this case, she wasn't subject to infersona because she didn't have any contact. That's absolutely correct. So under that construct, but for the protective law of Oregon, arguably, what keeps the New Hampshire statute from being unconstitutional because, as Gregor said, it could run for 40 years and nothing – it may be that there are defenses on the other end of the – other side of the table, but we're looking at the legality of the New Hampshire law itself. Has it been construed to say that if someone in Avery's position would be protected by a narrow reading of the law in her situation? Well, she wouldn't. I mean, she wouldn't be protected in the sense that, if I'm understanding you correctly, because she did – she was never subject to process in New Hampshire through the – through a long-arm statute or otherwise. Right. So I haven't seen a case in New Hampshire that's addressed how long out that could go, whether there's ever a point where they would be worried about that. But my understanding is – and I'm not a constitutional lawyer, but my understanding of the analysis is it's – they're looking at the different burdens. And the intent of the New Hampshire statute has been said, look, we don't want to have to sue – you want to protect our citizens, New Hampshire citizens, from having to chase somebody outside of the state if you can't bring them into New Hampshire court. So that's a weighing analysis. You don't need to win that argument to win, though, because under Judge Hagerty's analysis, which is the alternative, the Oregon statute is longer. Absolutely. And that's exactly what Judge Hagerty did. I mean, I argued that below. And Judge Hagerty, he didn't find necessarily that it was an unfair burden. It was an alternative finding that if it is an unfair burden because it's taken too long, it's going to drag out for 20 years. Well, it wouldn't have dragged out for 20 years. It would have been six. Six-year statute still puts us within – I think we're over a year to go at that point. How about the four – counsel's argument it's a four-year statute?  And I believe that if you looked at the transcript from oral argument, that the counsel actually conceded that it was a six-year statute and that if the Oregon statute applied that it would be timely. So I haven't – my belief from the beginning has been this is a six-year statute. I haven't seen the four-year either. Yeah. Yeah, I don't think the uniform commercial code would play into this. At any rate, yeah, I think we've covered this. I anticipated that the constitutional issue might be one that caught your attention. My feeling from the beginning has been Oregon has done a nice job of adopting this uniform law. It absolutely tells how to deal with this particular situation, which can be in choice of law issues when you're using another state. Statute limitations and tolling issues can get complicated and convoluted, but this statute answers a lot of questions that hopefully more states will adopt over the years. Thank you, counsel. Mr. Groten, you have some time remaining. The only clarification that I would add to my prior argument was I referenced the UCC only as an example of another statute that might affect ORS 12.096. I want to be clear that my position is that under Oregon law, 12.430 makes the statute limitations three years, which means that the six-year statute limitation does not apply. In the underlying court, I granted the concession to Judge Hagerty that if the six-year statute limitation did apply, then the facts of this case would mean that the claim was not time-barred. Mr. Grohl, I want to ask you a practical question here. Certainly. I understand the facts of this case. The credit card company assigned its interest to Messrs. McGavick and Finney, I guess local lawyers, who brought an action against your client when you came in and said there's a statute limitation problem. They said, hey, we'll just drop this. So had it dropped at that point, everybody walks away no problem, and then you bring an action going after them, and if you lose, your client's got a debt that you've got to pay and there may be attorney fees involved. What were you thinking on all of this? A little off the record, but I'm kind of interested in the practical aspect. Well, off the record, Your Honor, I don't represent myself. I represent clients. I understand that. Okay. If you read through the correspondence, you find that Mrs. Avery is a very active consumer advocate. This issue is not particular to her. That explains it. It's a very Main Street issue, and it is not just this case, and I would state very clearly to the Court that the impact of this decision has a Main Street phenomenal impact. I understand. I was not aware of that background, but that's helpful. Thank you. Okay. Thank you, counsel. We appreciate the arguments of both sides. The case just argued is submitted. And the next matter on our docket is Werner v. Astru. It's actually somebody other than Astru.
judges: Graber, Fisher, Smith